UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| MICHAEL BARRY, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 1:cv-24-9605 |
| THE INSTITUTES and SEAN KEVELIGHAN, | : | |
| Defendants. | : | |

## NOTICE OF REMOVAL

Notice is hereby given that the above captioned action pending in the Supreme Court of New York, New York County, Index No. 654412/2024 (the "State Action") is hereby removed to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1441 and 1446, and Local Civil Rule 81.1, for the following reasons and grounds:

1.     This action arises out of alleged violations of the New York State Human Rights Law. Specifically, the Plaintiff asserts allegations of discrimination and retaliatory discharge.

2.     On August 27, 2024, the Plaintiff initiated the State Action by the filing of a Summons and Verified Complaint (the "Complaint"), naming the Institutes and Sean Kevelighan as defendants.

3.     On November 15, 2024, defense counsel agreed to accept service on behalf of the Defendants. Accordingly, this Notice of Removal is timely filed. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) (holding that the deadline for removal must be triggered by service of the Complaint, regardless of whether the defendant had

informal notice of litigation prior thereto); *see also Medina v. Wal-Mart Stores*, 945 F.Supp. 519, 521 (W.D.N.Y. 1996) (holding that Fed. R. Civ. P. 6(a) applies to calculation removal deadline, so when 30-day deadline falls on weekend or holiday, removal on the next non-holiday weekday is timely); *Silverman v. Citibank, N.A.*, 2023 U.S. Dist. LEXIS 57041 at *7 (S.D.N.Y. Mar. 31, 2023) (same).

4.      The Complaint identifies the Plaintiff as a resident of the State of New York. Compl. at ¶ 9.

5.      The Complaint identifies The Institutes as a non-profit, non-stock corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business in Pennsylvania. Compl. at ¶ 10.

6.      The Complaint does not allege Sean Kevelighan's citizenship. Mr. Kevelighan is a resident and citizen of the State of Florida. *See* Declaration of Sean Kevelighan attached hereto as **Exhibit A**.

7.      No defendant is a citizen of the State of New York, and no Defendant is a citizen of the same state as any Plaintiff.

8.      The amount placed in controversy exceeds $75,000.00, exclusive of interest and costs.

9.      Copies of all documents filed in the State Action are attached as **Exhibit B**. No orders have been entered.

10.      This Court has subject matter jurisdiction over this action on the basis of complete diversity and the amount in controversy in accordance with 28 U.S.C. §§ 1332(a)(1), 1332(a)(2) and 1441(a) and (b).

11.      Defendants have given the Plaintiff and the Supreme Court of New York, County of New York proper and timely notice of the filing of this Notice of Removal.

12.     This Notice of Removal is signed by counsel pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Dated:  December 16, 2024                    Respectfully submitted,

**THE INSTITUTES and
SEAN KEVELIGHAN**

By counsel

By:     /s/ *Tamara S. Grimm*
Tamara S. Grimm, Esquire
O'HAGAN MEYER, PLLC
229 West 36th Street, 8th Fl.
New York City, NY 10018
T: (215) 461-3300
E: tgrimm@ohaganmeyer.com

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of December 2024, a true and exact copy of the foregoing was filed electronically and served by mail on:

James Mermigis
The Mermigis Law Group, P.C.
85 Cold Spring Road, Suite 200
Syosset, NY 11791

*Counsel for Plaintiff*

/s/ *Tamara S. Grimm, Esquire*
    Tamara S. Grimm

4