# O'HAGAN MEYER
## ATTORNEYS & ADVISORS

Tamara S. Grimm
Direct: 215.461.3306
tgrimm@ohaganmeyer.com

Christopher Helsel
Direct: 703.775.8609
chelsel@ohaganmeyer.com

March 10, 2025

**VIA ECF**

The Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    **Re:** *Michael Barry v. The Institutes., et al.,* **1:24-cv-09605**

Dear Judge Engelmayer,

    I write on behalf of the Defendants in response to the Plaintiff's letter to the Court dated March 7, 2025. ECF Doc. No. 15. For the reasons set forth herein, the Defendants request that the Court reject the Plaintiff's latest dilatory tactic and grant their pending motion to dismiss, or in the alternative, transfer venue, or in the alternative, stay this action pending the outcome of the Defendants' petition to compel arbitration in the Eastern District of Pennsylvania. ECF Doc. No. 14.

    After the parties exchanged a series of letters to the Court (ECF Doc. Nos. 6, 10, 11), by Order dated January 27, 2025 the Court granted the Defendants leave to file a motion to dismiss. ECF Doc. No. 13. In that Order, the Court directed the Defendants to file their brief by February 21, 2025 and the Plaintiff to file his brief in opposition by March 7, 2025. ECF Doc. No. 13. The Defendants complied. ECF Doc No. 14. The Plaintiff did not. On the day his opposition brief was due, the Plaintiff, instead of complying with the Court's directive, filed a letter advising the Court of his intention to file an Amended Complaint "as of right" pursuant to Fed. R. Civ. P. 15(a)(1)(B). ECF Doc. No. 15.

    The Federal Rules of Civil Procedure allow a party to "amend its pleading once as a matter of course no later than . . . 21 days after service of a responsive pleading *or* 21 days after service of a motion under Rule 12(b), (e), or (f), *whichever is earlier.*" Fed. R. Civ. P 15(a)(1)(B) (emphasis added).

    Here, the Plaintiff misreads the rule. Specifically, he ignores the rule's last three words. The Defendants filed the Answer to the Complaint on December 24, 2024. ECF

Doc. No. 5. Then, with leave of the Court, the Defendants filed a Rule 12(b) motion on February 21, 2025. ECF Doc. No. 14.

An answer is a responsive pleading. *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 112 (2d Cir. 2012). The Defendants' Answer was filed before their Rule 12(b) motion (i.e., "earlier"). Thus, pursuant to Rule 15(a)(1)(B), the Plaintiff's 21-day clock to amend his Complaint by right was triggered when the Answer was filed on December 24, 2024, and it expired 21 days later on January 14, 2025.

The Plaintiff could have moved the Court for leave to amend the Complaint pursuant to Fed. R. Civ. P. 15(a)(2). He did not.

The Plaintiff also could have amended his Complaint by right upon receipt of the Defendants' first letter to the Court on December 24, 2024. ECF Doc. No. 6. He did not.

Accordingly, the Defendants request that the Court 1) reject any effort by the Plaintiff to belatedly amend his Complaint, 2) deem the Plaintiff to have violated the Court's Order by failing to file a brief in opposition to the Defendants' motion by March 7, 2025, and 3) grant the Defendants' unopposed motion.

Respectfully Submitted,

*/s/ Tamara S. Grimm*
Tamara S. Grimm
Christopher M. Helsel

CC:   James Mermigis
      The Mermigis Law Group, P.C.
      85 Cold Spring Road, Suite 200
      Syosset, NY 11791
      mermigislaw@gmail.com
      (by email and US mail)

DENIED. Defendants rightly point out that the 21-day period to amend as of right has passed, insofar as defendants' first responsive pleading—the answer, *see* Dkt. 5—was filed on December 23, 2024, more than 21 days before plaintiff's notice of amendment on March 7, 2025. *See* Dkt. 15. However, the Court may "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiff has not, to date, been afforded an opportunity to amend its Complaint following the filing of defendants' motion to dismiss on February 21, 2025, *see* Dkt 14. The Court thus grants plaintiff that opportunity. No further opportunities to amend will be granted. The amended complaint is to be filed no later than Friday, March 14, 2025. Defendants' motion to dismiss is due by March 28, 2025. Plaintiff's opposition is due by April 11, 2025. Any reply is due by April 18, 2025.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Date: March 10, 2025