UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| MICHAEL BARRY, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 1:24-cv-09605-PAE |
| THE INSTITUTES, THE INSURANCE INFORMATION INSTITUTE, INC. ("TRIPLE I") and SEAN KEVELIGHAN, in his capacity as CEO of TRIPLE I, | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANTS'
MOTION TO STAY THIS ACTION**

Defendants The Institutes and Sean Kevelighan (collectively, the "Defendants")[1]

respectfully submit this memorandum of law in support of their motion to stay this litigation.

**INTRODUCTION**

The Plaintiff, Michael Barry, asserts claims of discrimination and retaliation against

his former employer and his supervisor under the New York State Human Rights Law

("NYSHRL"). At the time of the events giving rise to this suit, the Plaintiff was employed by

The Institutes, and his employment was governed by the terms of a valid and enforceable

employment agreement (the "Agreement"). A copy of the Agreement is attached as Exhibit A

to the Declaration of Laura Frederic, filed herewith.

The Agreement contains an unambiguous arbitration clause, which mandates that the

parties adjudicate this dispute in arbitration in Philadelphia, Pennsylvania (the "Arbitration

Clause"). *See* Exhibit A, § 28. Despite the existence of the Arbitration Clause, the Plaintiff

---

[1] The Plaintiff has not served the Amended Complaint upon the newly named defendant, Triple I.

filed initiated this action by the filing of a Complaint in the Supreme Court for the State of New York, New York County (the "Original Complaint"). The Defendants timely removed the action to this Court. ECF Doc. No. 1. Despite the fact that this case remains pending, Plaintiff subsequently filed a second action asserting virtually identical claims in New York state court, but has not yet served that complaint on any Defendant.

The fact that this action does not belong in this Court, or any other, was promptly brought to the Plaintiff's, and the Court's, attention by the Defendants in their Answer to the Original Complaint and by their letter to the Court dated December 24, 2024. ECF Doc. Nos. 5, 6. The Plaintiff refused to concede the point, requiring the Defendants to initiate a Petition for an Order Compelling Arbitration in the U.S. District Court for the Eastern District of Pennsylvania. The Petition was granted and is now the subject of a motion for reconsideration, which has been fully briefed but not yet decided.

Because the Plaintiff continues to insist on pursuing his claim in the wrong forum, the Defendants are forced to bring the instant motion.

## FACTUAL BACKGROUND

The Institutes is a non-stock, non-profit Pennsylvania corporation with a principal place of business in Pennsylvania. Am. Compl. at ¶ 10, Decl. of Laura Frederic, ¶ 4. Defendant Sean Kevelighan serves as Chief Executive Officer of the Triple I, a division of The Institutes. ECF Doc. No. 1-1. He is a Florida resident. *Id.* Prior to his termination, the Plaintiff was employed by The Institutes as Senior Vice President, Media Relations & Public Affairs of Triple I. Am. Compl. at ¶ 14.

On November 16, 2020, the Plaintiff executed the Agreement, which set forth the terms and conditions of his employment. *See* Decl. of Laura Frederic. The Arbitration Clause contained therein states:

Except to the extent prohibited by applicable law, all claims, disputes, and controversies arising out of or relating to this Agreement or the performance, breach, validity, interpretation, application or enforcement hereof, including any claims for equitable relief or claims based on contract, tort, statute, or any alleged breach, default, or misrepresentation in connection with any of the provisions hereof, will be resolved by confidential binding arbitration. Provided, however, any aggrieved party may petition a federal or state court of competent jurisdiction for interim injunctive or other equitable relief to preserve the status quo until arbitration can be completed in the event of an alleged breach of Sections 8, 9, 10 or 11 of this Agreement. A party may initiate arbitration by sending written notice of its intention to arbitrate by sending written notice of its intention to arbitrate to the other party and to the American Arbitration Association ("AAA") office located in Philadelphia, Pennsylvania (the "Arbitration Notice"). The Arbitration Notice will contain a description of the dispute and the remedy sought. Unless otherwise agreed by the parties, the arbitration will be conducted at the offices of the AAA in Philadelphia, Pennsylvania before an independent and impartial arbitrator who is selected by mutual agreement, or, in the absence of such agreement, before an arbitrator selected by the AAA in accordance with its them applicable Commercial Arbitration Rules. In no event may the demand for arbitration be made after the date when the institution of a legal or equitable proceeding based on such claim, dispute, or other matter in question would be barred by the applicable statute of limitations. The arbitration and any discovery conducted in connection therewith will be conducted in accordance with the Commercial Rules of arbitration, including without limitation the expedited procedures set forth therein (the "AAA Rules"). The decision of the arbitrator will be final and binding on all Parties and their successors and permitted assignees. The judgment upon the award rendered by the arbitrator may be entered by any court having jurisdiction thereof. The arbitrator will be selected no later than 60 days after the date of the Arbitration Notice. The arbitration hearing will commence no later than 120 days after the arbitrator(s) is selected. The arbitrator will render a decision no later than 30 days after the close of the hearing, in accordance with AAA Rules. The arbitrator's fees and costs will conform to the then current AAA fee schedule and will be borne equally by the Parties unless otherwise ordered by the arbitrator.

Decl. of Laura Frederic, Ex. A § 28.

The Plaintiff alleges to have testified in an internal investigation regarding the alleged harassment of an LGBTQIA+ employee in approximately June 2023 (the Amended Complaint does not provide the specific date on which he testified). Am. Compl. at ¶ 24. Approximately nine months later, on March 6, 2024, the Plaintiff's employment was terminated. Am. Compl. at ¶ 26.

3

In contravention of the mandatory Arbitration Clause in the Agreement, the Plaintiff sued The Institutes and Sean Kevelighan in New York state court, alleging retaliation in violation of the NYSHRL (Index No. 654412/2024). The Original Complaint was filed on August 27, 2024 and served on November 15, 2024. The Defendants timely removed the action to this Court on December 16, 2024. ECF Doc. No. 1. The Defendants answered the Original Complaint, asserting as affirmative defenses that venue in this Court is improper and that the Plaintiff was required to assert his rights exclusively in an arbitration proceeding in Philadelphia. ECF Doc. No. 5.

On January 10, 2025, the Defendants filed a Petition for an Order to Compel Arbitration in the U.S. District Court for the Eastern District of Pennsylvania (Case 2:25-mc-00002-KBH) (the "E.D. Pa. Petition"). Exhibit 1. By order dated April 7, 2025, Judge Kelley Hodge granted the E.D. Pa. Petition and ordered the Plaintiff to proceed via arbitration in Philadelphia (the "E.D. Pa. Order"). Exhibit 2.[2]

Upon consent of this Court, the Defendants filed a motion to dismiss, transfer or stay the instant action on February 21, 2025. ECF Doc. No. 14. Over the Defendants' objection, the Court granted the Plaintiff's request to file an Amended Complaint by Order dated March 10, 2025. ECF Doc. No. 17. The Plaintiff attempted to do so five times between March 14, 2025 and May 6, 2025, without success. ECF Doc. Nos. 19, 20, 22, 26, 27.

To be clear, this case remains pending in this Court. Despite that fact, on March 28, 2025, the Plaintiff filed a new action asserting identical claims in state court (Index No. 652035/2025) (the "Second State Complaint"). In it, he alleges—falsely—that "other than this lawsuit, there is no other complaint pending with any administrative agency or Court

---

[2] Mr. Barry subsequently moved for reconsideration of the E.D. Pa. Order. That motion is fully briefed but has not yet been decided.

4

regarding these events."[3] None of the Defendants have yet been served with a copy of the Second State Complaint.

Notably, the Plaintiff filed the Second State Complaint in the midst of his repeated efforts to file the Amended Complaint in the instant action. Thus, there can be no doubt that the Plaintiff was aware the instant matter remained active when he preemptively filed the Second State Action asserting exactly the same claims as those alleged here.

On May 14, 2025, on his sixth attempt, the Plaintiff successfully filed the Amended Complaint in the instant action. ECF Doc. 28. In it, he once again alleges—falsely—that "other than this lawsuit, there is no other complaint pending with any administrative agency or Court regarding these events."[4]

Despite the existence of the Agreement, which clearly demonstrates that he was employed by The Institutes, in an effort to strip this Court of diversity jurisdiction the Plaintiff added Triple I (his former employer, which prior to the events giving rise to this suit became a division of The Institutes) as a defendant in the Amended Complaint.[5]

Discovery has not yet commenced, and no Rule 16 conference has been held in the case before this Court.

## ARGUMENT

### I.    This Court should stay this action.

In its Order dated January 27, 2025, the Court stated that "in the event either party commences arbitration proceedings, the Court is prepared to issue a discretionary stay of the

---

[3] This allegation ignores the pending actions in the Southern District of New York (the instant action) and the Eastern District of Pennsylvania (Case 2:25-mc-00002-KBH).

[4] This allegation ignores the pending actions in New York state court (Index No. 654412/2024) and the Eastern District of Pennsylvania (Case 2:25-mc-00002-KBH).

[5] In the event that the Plaintiff moves to remand this action to state court for lack of diversity jurisdiction, the Defendants will oppose the motion and brief the issue of fraudulent joinder.

instant case." ECF Doc. No. 13. Here, the Defendants have obtained an Order from the Eastern District of Pennsylvania requiring the Plaintiff to pursue his action via arbitration in Philadelphia. *See* Exhibit 2.

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *G & G Closed Events, LLC v. Garcia*, 2020 U.S. Dist. LEXIS 207363, at *3 (S.D.N.Y. Nov. 5, 2020), quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997). A "trial court's discretion in managing its docket includes the power to stay an action pending the determination of another action." *Admin. Comm. of the Time Warner, Inc. Benefit Plans v. Biscardi*, 2000 U.S. Dist. LEXIS 6238, at *3 (S.D.N.Y. May 5, 2000); *see also Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 2018 U.S. Dist. LEXIS 136387, at *6 (S.D.N.Y. Aug. 10, 2018) (holding that "district courts have broad authority to stay one action pending the outcome of another").

Further, this Court regularly grants motions to stay all proceedings when there is a motion to compel arbitration of the matter. *See, e.g., NAVCAN.DC, Inc. v. Rinde*, 2023 U.S. Dist. LEXIS 175493 (S.D.N.Y. Sep. 26, 2023) (granting stay of all proceedings pending a ruling on motion to compel arbitration); *Bd. of Trs. of the Agma Health Fund v. Aetna Life Ins. Co.*, 2024 U.S. Dist. LEXIS 216310 (S.D.N.Y. Nov. 26, 2024) (same). Indeed, this Court presumes that a "stay pending a motion to compel arbitration should be granted absent compelling reasons to deny it." *Rinde*, 2023 U.S. Dist. LEXIS 175493 at *1.

Moreover, the first-filed rule does not apply where a plaintiff disregards the parties' agreed location to arbitrate. *See Nat'l Union Fire Ins. Co. v. Las Vegas Prof'l Football L.P.*, 2010 U.S. Dist. LEXIS 5829, at *7-8 (S.D.N.Y. Jan. 15, 2010) (finding that the general rule of first-filed suits should not apply in a case where dismissal of a second-filed petition to compel arbitration would reward the party who ignored its arbitration obligation and engaged in bad faith forum shopping), *aff'd*, 409 F. App'x 401 (2d Cir. 2010). In *Nat'l Union Fire Ins. Co.*, this

Court held that it would be "inequitable to reward [a party] for breaching its arbitration obligation by declining to rule on [the other party's] petition [to compel arbitration]." 2010 U.S. Dist. LEXIS 5829, at *8; *see also Cap Gemini Ernst & Young U.S. LLC v. Arentowicz*, 2004 U.S. Dist. LEXIS 11337, at *6-7 (S.D.N.Y. June 22, 2004) (holding that the first-filed rule did not apply where a second-filed petition to compel arbitration and a first-filed action arising under anti-discrimination law were pending in separate districts).

Here, on January 10, 2025, after having attempted without success to prod the Plaintiff into voluntarily commencing arbitration in Philadelphia as required by the Agreement (*see* ECF Doc. No. 6), the Defendants filed the E.D. Pa. Petition and obtained the E.D. Pa. Order. *See* Exhibits 1 and 2.

This Court regularly grants stays under these circumstances. In *Bd. of Trs. of the Agma Health Fund*, the plaintiff, in clear violation of a contractual clause requiring arbitration in Connecticut, filed suit in the Southern District of New York. 2024 U.S. Dist. LEXIS 216310, at *2. The defendant then filed a petition to compel arbitration in the District of Connecticut. *Id.* at *2-3. This Court ruled in favor of the defendants and issued a stay, holding that the first-filed rule did not apply, that the Federal Arbitration Act permitted the defendant to file a petition to compel arbitration in the District of Connecticut notwithstanding the pendency of the S.D.N.Y. action, and that a discretionary stay was appropriate. *Id.* at *10.

That decision was not an outlier. In another case, *Bank of Tokyo-Mitsubishi*, this Court reached the same conclusion. 1998 U.S. Dist. LEXIS 7950 (S.D.N.Y. May 28, 1998). In that case, the plaintiff sued for money damages in the Southern District of New York. *Id.* at *4. However, the parties' arbitration clause required arbitration in North Carolina. *Id.* at *6. To enforce the arbitration clause, the defendant filed a petition to compel arbitration in the Eastern District of North Carolina, followed by a motion to stay the S.D.N.Y. action. *Id.* at 3-

4, 6. This Court held that because the parties agreed to arbitrate in North Carolina, it did "not have the power to compel arbitration between the parties" and that the North Carolina district court was "the only federal court" that could compel arbitration between the parties under their agreement. *Id.* at *6. The Court ruled that it would be "inefficient" and "unjust" to continue litigating while the petition to compel was pending in North Carolina and stayed the New York federal action pending resolution of the petition to compel arbitration. *Id.* at *6-7.

This Court should do the same. Here, not only have the Defendants petitioned for an Order to compel arbitration, they have *obtained* such an Order. *See* Exhibit 2. This Court should stay the matter pending the outcome of the arbitration proceeding that the Eastern District of Pennsylvania has ordered the Plaintiff to commence.[6]

## II.    **This Motion tolls the Defendants' responsive pleading deadline.**

A "motion to stay all proceedings," filed before the responsive pleadings are due, "toll[s] [the] time to answer or otherwise move with respect to the complaint." *Questech Cap. Corp. v. Flight Dynamics, Inc.*, 1984 U.S. Dist. LEXIS 16935, at *1 n.1 (S.D.N.Y. May 7, 1984); *see also Price v. Kearney*, 1977 U.S. Dist. LEXIS 13161, at *11 n.12 (S.D.N.Y. Nov. 2, 1977) holding that ("[s]uch motion [to stay all proceedings] tolls the time within which a responsive pleading, including an answer, must be filed."); *Barney's, Inc. v. Isetan of Am. Inc.*, 206 B.R. 336, 340-41 (Bankr. S.D.N.Y. 1997) (holding defendants were "not in default" for failing to answer the complaint when they filed a motion to stay the litigation).

Accordingly, the Defendants should not be required to respond to the Amended Complaint until after the Court resolves the instant motion. See *Barney's, Inc.*, 206 B.R. at

---

[6] In the event that the Plaintiff's motion for reconsideration of the E.D. Pa. Petition is granted, a stay of the instant action can be lifted.

341 (holding that "a motion to stay litigation is a pre-answer motion within the scope of Rule 12(b)"). Consequently, if the Court denies this motion, the Defendants may still file their answer or any other motion permitted by Rule 12 that has not otherwise been waived.

**CONCLUSION**

This dispute belongs in arbitration. The parties contracted to arbitrate all claims arising out of the Plaintiff's employment. The Defendants respectfully request that the Court take action to allow the parties to fulfill their contractual obligations by staying this case pending the outcome of arbitration in Pennsylvania.

Dated: May 28, 2025                                 Respectfully submitted,

**THE INSTITUTES and
SEAN KEVELIGHAN**

By counsel

/s/ *Tamara S. Grimm*
Tamara S. Grimm
Christopher M. Helsel
O'HAGAN MEYER, PLLC
Three Logan Square
1717 Arch Street, Suite 3910
Philadelphia, PA 19103
Telephone: (215) 461-3306
E:  tgrimm@ohaganmeyer.com
    chelsel@ohaganmeyer.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of May, 2025, a true and exact copy of the foregoing was filed electronically and is available for viewing and downloading from the ECF system of the U.S. District Court for the Southern District of New York and that I served the same via electronic filing upon all counsel of record.


/s/ *Tamara S. Grimm*
Tamara S. Grimm